IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :    Chapter 11
                                              :
CENTRAL EUROPEAN DISTRIBUTION    :    Case No. 13-10738
CORPORATION, et al.,                    :
                                              :    Joint Administration Pending
              Debtors.[1]                  :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 341 AND 521,
FED. R. BANKR. P. 1007(c) AND LOCAL RULE 1007-1(b)
(I) EXTENDING TIME FOR DEBTORS TO
FILE THEIR SCHEDULES AND STATEMENTS, (II) PERMANENTLY
WAIVING REQUIREMENT TO FILE SAME UPON CONFIRMATION
OF DEBTORS' PREPACKAGED PLAN AND (III) DIRECTING
THE UNITED STATES TRUSTEE NOT TO CONVENE A 341 MEETING**

The debtors and debtors in possession in the above-captioned case (the "Debtors") hereby move for entry of an order under sections 105, 341 and 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) extending the time by which the Debtors must file their schedules of assets and liabilities, schedules of current income and current expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") to forty-four (44) days after the current deadline imposed by Local Rule 1007-1(b), (ii) permanently waiving the requirement to file the same upon confirmation of the

---

[1]  The Debtors and the last four digits of their taxpayer identification numbers are as follows: Central European Distribution Corporation (5271), CEDC Finance Corporation International, Inc. (0116), and CEDC Finance Corporation LLC (7136). The address for each of the Debtors is 3000 Atrium Way, Suite 265, Mt. Laurel, NJ 08054.

contemporaneously filed prepackaged plan of reorganization (the "Plan") within the extension period and (iii) directing the United States Trustee (the "U.S. Trustee") not to convene a 341 meeting of creditors or equity security holders (the "Motion").  In support of the Motion, the Debtors rely upon and fully incorporate by reference the Declaration of N. Scott Fine in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"), filed with the Court concurrently herewith.  In further support of the Motion, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105, 341 and 521, Bankruptcy Rule 1007(c) and Local Rule 1007-1(b).

## BACKGROUND

A. **The Chapter 11 Filings**

3. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.  On the Petition Date, the Debtors filed with the Court, among other things, (a) a joint prepackaged plan of reorganization (the "Plan") and (b) a disclosure statement (the "Disclosure Statement") related thereto.  The Plan provides for the payment in full of all allowed general unsecured claims (other than claims arising from unsecured debt securities which are impaired and separately classified).

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been appointed in these chapter 11 cases. As of the date hereof, no creditors' committee has been appointed.

**B.  Background and Current Business Operations**

5. Debtor Central European Distribution Corporation ("CEDC"), a Delaware corporation, is the direct parent of CEDC Finance Corporation LLC ("CEDC FinCo LLC"), a Delaware limited liability company, and the indirect parent of CEDC Finance Corporation International, Inc., a Delaware corporation ("CEDC FinCo"). CEDC also is the indirect parent of numerous non-debtor operating subsidiaries organized under the laws of Poland, Russia, and several other nations (the "Non-Debtor Subsidiaries," and together with CEDC, CEDC FinCo and CEDC FinCo LLC, the "Company"). The Company is one of the world's largest vodka producers, and the largest integrated spirit beverages business by total volume, in Central and Eastern Europe.

6. Additional factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the First Day Declaration.

## RELIEF REQUESTED

7. By this Motion, the Debtors seek entry of an order (i) extending the time by which the Debtors must file their Schedules and Statements to forty-four (44) days after the current deadline imposed by Local Rule 1007-1(b) and (ii) permanently waiving the requirement to file the Schedules and Statements if the Plan is confirmed during the extension period, without prejudice to the Debtors' ability to request additional time should it become necessary. Such an extension would give the Debtors a total of seventy-four (74) days from the Petition Date to file

their Schedules and Statements if a plan of reorganization is not confirmed by such date.[2] By this Motion, the Debtors are also requesting that the Court, under section 341(e) of the Bankruptcy Code, order the U.S. Trustee not convene a meeting of creditors or equity security holders in these chapter 11 cases.

## BASIS FOR RELIEF

**A.  Deadline To File Schedules And Statements Should Be Extended And Requirement Waived If Plan Is Confirmed Within Extension Period**

8.  Section 521 of the Bankruptcy Code provides that the debtor shall file "(B) *unless the court orders otherwise* - (i) a schedule of assets and liabilities; (ii) a schedule of current income and current expenditures; (iii) a statement of the debtor's financial affairs . . . ." See 11 U.S.C. § 521(a)(1)(B) (emphasis added).  Bankruptcy Rule 1007(c) further provides that "any extension of time to file schedules, statements, and other documents . . . may be granted only on motion for cause shown . . . ."  Fed. R. Bankr. P. 1007(c).  For the reasons set forth below, the Debtors respectfully submit that a waiver of the requirement to file the Schedules and Statements is justified in light of the particular circumstances of this case and the absence of any prejudice to any party in interest.

9.  Given the substantial burdens already imposed on the Debtors' management by the commencement of these chapter 11 cases, the limited number of employees available to collect the information, the competing demands upon such employees, and the time

---

[2] For purposes of calculating the time periods herein, the Debtors believe that they are entitled to the automatic extension provided under Local Rule 1007-1(b). Local Rule 1007-1(b) provides that the deadline for filing the Schedules and Statements is automatically extended to the date that is thirty (30) days after the petition date, not including the petition date, if (i) the debtor's bankruptcy petition is accompanied by a list of all the debtor's creditors and their addresses, in accordance with Local Rule 1007-2, and (ii) if the total number of creditors in the debtor's case (or the debtors' jointly administered cases) exceeds 200. See Del. Bankr. L.R. 1007-1(b); Fed. R. Bankr. P. 9006(a). Here, the number of creditors that are identified in the list of creditors filed under Local Rule 1007-2 is greater than 200.

and attention the Debtors must devote to the restructuring process, the Debtors submit that "cause" exists to extend the current deadline by forty-four (44) days, until seventy-four (74) days after the Petition Date, subject to a final waiver of the requirement that the Schedules and Statements be filed if a plan of reorganization is effectuated before such date.  If there is no final waiver, the requested extension will enhance the accuracy of the Statements and Schedules when filed and help avoid the potential necessity of substantial subsequent amendments.  The Debtors request such an extension without prejudice to their rights to seek further extensions or waivers from this Court.

10. The request for a final waiver of the requirement to file the Schedules and Statements is appropriate in a prepackaged case.  In general, a debtor is required to file the Schedules and Statements in order to permit parties in interest to understand and assess the Debtors' assets and liabilities and thereafter negotiate and confirm a plan of reorganization.  In these chapter 11 cases, the Debtors have already negotiated the Plan and solicited votes from those parties impaired under the Plan and entitled to vote thereon.  Accordingly, the primary justifications for requiring the filing of Schedules and Statements do not exist in this case. Requiring the Schedules and Statements to be filed other than as requested in this Motion would only impose an additional administrative burden on and expense to the Debtors' estate, without any corresponding benefit to parties in interest.

11. In addition, much of the information that would be contained in the Schedules and Statements is already available in the disclosure statement related to the Plan.  To require the Debtors to file the Schedules and Statements would be impracticable, duplicative, and unnecessarily burdensome to the Debtors' estates.  Thus, the Debtors request that, if a plan of reorganization is confirmed on or prior to the expiration of the extended time period to file the

Schedules and Statements, the Court waive on a final basis the requirement to file the Schedules and Statements.

12.     In several recent prepackaged and prenegotiated chapter 11 cases, this Court and other courts have granted extensions and waivers such as those requested by the Debtors in this Motion.  See, e.g., In re LCI Holding Company Inc., Case No. 12-13319 (KG) (Bankr. D. Del. Jan. 10, 2013) (granting 30-day extension and waiver); In re Jackson Hewitt Tax Service Inc., Case No. 11-11587 (MFW) (Bankr. D. Del. June 30, 2011) (granting 30-day extension and waiver); In re Mrs. Fields' Original Cookies, Inc., Case No. 08-11953 (PJW) (Bankr. D. Del. Aug. 26, 2008) (granting 30-day extension and waiver); In re ACG Holdings, Inc., Case No. 08-11467 (CSS) (Bankr. D. Del. Aug. 11, 2008) (granting 45-day extension and waiver); In re Aurora Foods Inc., Case No. 03-13744 (MFW) (Bankr. D. Del. Jan. 9, 2004) (granting 120-day extension and waiver); In re Vertis Holdings, Inc., Case No. 10-16170 (ALG) (Bankr. S.D.N.Y. Nov. 19, 2010) (granting extension of the obligation to file schedules and statements until the third business day after the first date set for the confirmation hearing on the debtors' plan of reorganization and waiving the requirement to file same upon confirmation of a plan within this period); In re Metro-Goldwyn-Mayer Studios, Inc., Case No. 10-15774 (SMB) (Bankr. S.D.N.Y. Nov. 8, 2010) (granting 60-day extension and waiver).

**B.     Not Convening a Bankruptcy Code Section 341 Meeting is Justified in These Chapter 11 Cases**

13.     Section 341(a) of the Bankruptcy Code requires the U.S. Trustee to convene and preside at a meeting of creditors (a "Section 341(a) Meeting"), and section 341(b) of the Bankruptcy Code authorizes the U.S. Trustee to convene a meeting of equity security holders (a "Section 341(b) Meeting" and collectively with a Section 341(a) Meeting, a "Section

6

341 Meeting"). Section 341(e) of the Bankruptcy Code, however, provides for the following exception to such provisions:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.

11 U.S.C. § 341(e).

14. The purpose of a Section 341 Meeting is to provide parties in interest with a meaningful opportunity to examine the debtor and obtain important information about the debtor. In these cases, however, the Plan has been negotiated and voted on. Therefore, parties are not likely to receive any significant benefit from a Section 341 Meeting. In addition, the notice and scheduling requirements associated with convening such a meeting during these chapter 11 cases may cause an unwarranted delay in consummating the Plan.

15. The Debtors filed these chapter 11 cases to implement and effectuate the Plan and, as described above, the Debtors solicited the requisite acceptances of the Plan prior to commencing these chapter 11 cases. The Debtors intend to proceed expeditiously to confirm the Plan and emerge from chapter 11 as quickly as possible.

16. Accordingly, the Debtors respectfully request the U.S. Trustee not to convene a Section 341 Meeting unless the Plan is not confirmed in these cases by June 20, 2013.

**COMPLIANCE WITH LOCAL RULE 9013-1(f)**

17. The Debtors consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## NOTICE

18. Notice of this Motion shall be given to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the ad hoc group of holders of convertible senior unsecured notes; (iii) counsel for the ad hoc group of holders of senior secured notes; (iv) counsel to Roust Trading, Ltd.; (v) the indenture trustee for the Debtors' convertible senior unsecured notes facility; (vi) the indenture trustee(s) and security agent(s) for the Debtors' senior secured note facilities; (vii) the Debtors' top thirty (30) largest creditors listed on each of their bankruptcy petitions; and (viii) all parties entitled to notice pursuant to Local Rule 9013-1(m). The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

19. No prior request for the relief sought herein has been made to this or any other court.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
April 7, 2013

                               */s/ Mark S. Chehi*
                               Mark S. Chehi (I.D. No. 2855)
                               Sarah E. Pierce (I.D. No. 4648)
                               SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                               One Rodney Square
                               P.O. Box 636
                               Wilmington, Delaware 19899-0636
                               (302) 651-3000
                               (302) 651-3001

                               – and –

                               Jay M. Goffman
                               Mark A. McDermott
                               SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                               Four Times Square
                               New York, New York 10036-6522
                               (212) 735-3000
                               (212) 735-2000

                               Proposed Counsel for Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re:                                                      :   Chapter 11
                                                            :
CENTRAL EUROPEAN DISTRIBUTION                               :   Case No. 13-10738
CORPORATION, et al.,                                        :
                                                            :   Jointly Administration Pending
            Debtors.[1]                                     :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105, 341 AND 521, FED. R. BANKR. P. 1007(c), AND LOCAL RULE 1007-1(b) (I) EXTENDING TIME FOR DEBTORS TO FILE THEIR SCHEDULES AND STATEMENTS, (II) PERMANENTLY WAIVING REQUIREMENT TO FILE SAME UPON CONFIRMATION OF DEBTORS' PREPACKAGED PLAN, AND (III) DIRECTING THE UNITED STATES TRUSTEE NOT TO CONVENE A 341 MEETING**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (the "Order") under Bankruptcy Code sections 105, 341 and 521, Bankruptcy Rule 1007(c) and Local Rule 1007-1(b), (i) extending the time by which the Debtors must file their Schedules and Statements to forty-four (44) days after the current deadline imposed by Local Rule 1007-1(b), (ii) permanently waiving the requirement to file the same upon confirmation of the Plan within the extension period, and (iii) directing the United States Trustee not to convene a 341 meeting of creditors or equity security holders; and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are as follows:  Central European Distribution Corporation (5271), CEDC Finance Corporation International, Inc. (0116), and CEDC Finance Corporation LLC (7136).  The address for each of the Debtors is 3000 Atrium Way, Suite 265, Mt. Laurel, NJ 08054.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

requested is in the best interests of the Debtors, their estates, creditors and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The time by which the Debtors must file their Schedules and Statements shall be and hereby is extended through and including June 20, 2013 (the "Schedules Filing Deadline").

3. If the Debtors confirm a plan of reorganization on or before the Schedules Filing Deadline, the requirement to file the Schedules and Statements is hereby waived on a final basis.

4. The foregoing extension of time to file the Schedules and Statements is without prejudice to the Debtors' right to seek further extensions of time to prepare and file its Schedules and Statements.

5. The United States Trustee shall not be required to convene a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code unless a plan is not confirmed in these cases by the Schedules Filing Deadline.

3

6.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: Wilmington, Delaware
_____ , 2013

_____
UNITED STATES BANKRUPTCY JUDGE

3