IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTRAL EUROPEAN DISTRIBUTION CORPORATION, et al., | |
| | Case No. 13-10738 (CSS) |
| | Jointly Administered |
| | **Hearing Date: May 13, 2013, at 11:00 AM** |
| Debtors. | **Objections Due: May 6, 2013, at 4:00 PM** |

## OBJECTION BY THE INTERNAL REVENUE SERVICE TO THE AMENDED AND RESTATED JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION OF <u>CENTRAL EUROPEAN DISTRIBUTION CORPORATION, ET AL.</u>

The United States, on behalf of its Internal Revenue Service ("IRS"), by and through the undersigned attorneys, in support of its objection to the Amended and Restated Joint Prepackaged Chapter 11 Plan of Reorganization of Central European Distribution Corporation, et al., [Docket No. 9] ("Plan"), avers as follows:

1. On April 7, 2013, the debtors filed voluntary bankruptcy petitions seeking relief under Chapter 11 of the Bankruptcy Code.

2. IRS is a creditor and party in interest. IRS has asserted an estimated unsecured priority, pre-petition claim against Central European Distribution Corporation in the amount of $574,720.92.

3. IRS objects to the confirmation of the Plan unless and until provisions are made in the Plan for potential tax liabilities arising from 2012 and 2013 federal tax returns that have not yet been filed.

4. IRS objects to the third party non-debtor limitation of liability, injunction and exculpation provisions set forth in Article IX of the Plan to the extent such releases are not covered by the carve out provision in Article IX(C) of the Plan. The injunction provisions violate the Anti-Injunction Act, I.R.C. Section 7421(a). See American Bicycle Association v. United States, 895 F.2d 1277 (9th Cir. 1990); United States v. Prescription Home Health Care, Inc., 316 F.3d 542 (5th Cir. 2002); In re Plainwell, Inc., 2004-2 USTC Paragraph 50, 393 (D. Del. 2004). Section 524(e) of the Bankruptcy Code addresses the scope of a bankruptcy discharge and states, in relevant part, that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for such debt." The Bankruptcy Code contemplates that a discharge only affects the debts of those submitting to its burdens. The weight of case authority is consistent with the view that provisions that effect a discharge of non-debtor liability run afoul of the limitations on discharge set forth in Section 524(e) of the Bankruptcy Code. See e.g., In re Continental Airlines, 203 F.3d 203, 217 (3rd Cir. 2000); In re Lowenschuss, 67 F.3d 1394, 1401 (9th Cir. 1995), cert. denied, 517 U.S. 1243 (1996) ("Section 524 does not...provide for the release of third parties from liability"); In re Zale Corp., 62 F.3d 746, 760-761 (5th Cir. 1995) ("Section 524 prohibits the discharge of debts of non-debtors); First Fidelity Bank v. McAteer, 985 F.2d 114, 117-18 (3d Cir. 1993) (Section 524(e) specifically limits the effect of a discharge...This section assures creditors that the discharge of a debtor will not preclude them from collecting the full amount of a debt from co-debtors or other liable parties."); Green v. Welsh, 956 F.2d 30, 33 (2d Cir. 1992) ("the language of [Section 524(e)] reveals that Congress sought to free the debtor of his personal obligations while ensuring that no one else reaps a similar benefit"); In re Western Real Estate Fund, Inc., 922 F.2d 592, 602 (10th Cir. 1990), modified sub nom., Abel v. West, 932 F.2d 898 (10th Cir. 1991) (permanent

injunction purporting to release non-debtors from liability improperly insulates non-debtors in violation of Section 524(e)); In re American Hardwoods, Inc., 885 F.2d 621, 626 (9th Cir. 1989) (In affirming the denial of a permanent injunction against a claim against third party non-debtor, court noted: "Section 524(e), therefore, limits the court's equitable power under section 105 to order the discharge of liabilities of non-debtors.").

5. IRS objects to the Plan to the extent it fails to preserve the setoff and recoupment rights of the IRS. Confirmation of a plan does not extinguish setoff claims when they are timely asserted. United States v. Continental Airlines (In re Continental Airlines), 134 F.3d 536, 542 (3d Cir. 1998), cert. denied, 525 U.S. 929 (1998). Like other creditors, the United States has the common law right to setoff mutual debts. "The government has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." United States v. Munsey Trust Co. of Washington, D.C., 332 U.S. 234 (1947) (citing Gratiot v. United States, 40 U.S. (15 Pet) 336, 370, 10 L.Ed. 759 (1841)); see also Amoco Prod. Co. v. Fry, 118 F.3d 812, 817 (D.C. Cir. 1997). This right – "which is inherent in the federal government – is broad and 'exists independent of any statutory grant of authority to the executive branch.'" Marre v. United States, 117 F.3d 297, 302 (5th Cir. 1997) (quoting United States v. Tafoya, 803 F.2d 140 (5th Cir. 1986)). Hence, the United States can setoff mutual prepetition debts and claims as well as postpetition debts and claims. Zions First Nat'l Bank, N.A. v. Christiansen Bros. (In re Davidson Lumber Sales, Inc.), 66 F.3d 1560, 1569 (10th Cir. 1995); Palm Beach County Bd. Of Pub. Instruction (In re Alfar Dairy, Inc.), 458 F.2d 1258, 1262 (5th Cir.), cert. denied, 409 U.S. 1048 (1972); Mohawk Indus., Inc. v. United States (In re Mohawk Indus., Inc.), 82 B.R. 174, 178-79 (Bankr. D. Mass. 1987). The Plan makes no provision for these rights. Such treatment is impermissible, because Section 553 of the

Bankruptcy Code preserves the right of setoff in bankruptcy as it exists outside bankruptcy, Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995), neither expanding nor constricting it, United States v. Maxwell, 157 F.3d 1099, 1102 (7th Cir. 1998). "[T]he government of the United States suffers no special handicap under § 553 of the Bankruptcy Code," id. at 1103, that alters this principle. Moreover, because "[s]etoff occupie[s] a favored position in our history of jurisprudence," Bohack Corp. v. Borden, Inc., 599 F.2d 1160, 1164 (2d Cir. 1979), courts do not interfere with its exercise absent "the most compelling circumstances." Niagra Mohawk Power Corp. v. Utica Floor Maintenance, Inc. (In re Utica Floor Maintenance, Inc.), 41 B.R. 941, 944 (N.D.N.Y. 1984); see also New Jersey Nat'l Bank v. Gutterman (In re Applied Logic Corp.), 576 F.2d 952 (2d Cir. 1978) ("The rule allowing setoff ... is not one that courts are free to ignore when they think application would be unjust."). Compelling circumstances generally entail criminal conduct or fraud by the creditor. In re Whimsy, Inc., 221 B.R. 69 (S.D.N.Y. 1998). No such compelling circumstances are present here, and accordingly, the Plan must provide for and preserve the government's setoff rights. Failure to do so violates section 1129(a)(1). ("The court shall confirm a plan only if ... the plan complies with the applicable provisions of this title".)

6. IRS objects to Articles I(A)(7) and II(A)(1) of the Plan to the extent the Plan fails to provide for the payment of interest on IRS administrative expense claims. See 11 U.S.C. Section 503(b)(1)(C); United States v. Friendship College, Inc., 737 F.2d 430 (4th Cir. 1984); In re Mark Anthony Construction, Inc., 886 F.2d 1101 (9th Cir. 1989).

7. IRS objects to the treatment of Priority Tax Claims in Article II(B) of the Plan to the extent IRS claims are not treated in a manner consistent with 11 U.S.C. 1129(a)(9)(C). Moreover, to the extent IRS priority tax claims are not paid in full in cash on the Effective Date,

the IRS objects to Articles II(B) and I(A)(7) of the Plan to the extent these provisions fail to comport with 11 U.S.C. Section 1129(a)(9)(C) by not providing for the payment of an adequate rate of interest from the Effective Date on such claims.

8. IRS objects to Article I(A)(7) of the Plan to the extent that the Plan does not allow for the filing and payment of administrative claims in conformity with 11 U.S.C. Section 503(b)(1)(B), (C) and (D).

9. IRS objects to the Plan to the extent that the debtors seek any prospective tax relief, including but not limited to: (a) the characterization of any transaction authorized by or contemplated by the Plan or related documents; or (b) the valuation, for tax purposes, of any assets of the bankruptcy estate.

10. IRS objects to the discharge provisions in the Plan to the extent it discharges debts described in 11 U.S.C. Section 1141(d)(6).

11. The IRS objects to Article XII of the Plan to the extent that it provides for the absolute retention of jurisdiction by the Bankruptcy Court over matters involving the IRS. See 28 U.S.C. 1334(b). "Retention of jurisdiction provisions will be given effect, assuming there is bankruptcy court jurisdiction. But neither the bankruptcy court nor the parties can write their own jurisdictional ticket. Subject matter jurisdiction "cannot be conferred by consent" of the parties. Coffin v. Malvern Fed. Sav. Bank, 90 F.3d 851, 854 (3d Cir. 1996). Where a court lacks subject matter jurisdiction over a dispute, the parties cannot create it by agreement even in a plan of reorganization." Resorts International, Inc., v. Price Waterhouse & Co., LLP, 372 F.3d 154, 161 (3d Cir. 2004).

**WHEREFORE,** IRS respectfully requests that the Court deny confirmation of the Plan and grant such other and further relief as the Court deems necessary and just.

CHARLES M. OBERLY, III
United States Attorney

By: /s/ Ellen W. Slights
Ellen W. Slights
Assistant United States Attorney
Delaware State Bar No. 2782
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

Dated: May 6, 2013

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CENTRAL EUROPEAN DISTRIBUTION CORPORATION, et al., | |
| | Case No. 13-10738 (CSS) |
| | Jointly Administered |
| Debtors. | **Hearing Date: May 13, 2013, at 11:00 AM**<br>**Objections Due: May 6, 2013, at 4:00 PM** |

## AFFIDAVIT OF SERVICE

I, Jalisa Agard, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on May 6, 2013, a copy of the **OBJECTION BY THE INTERNAL REVENUE SERVICE TO THE AMENDED AND RESTATED JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION OF CENTRAL EUROPEAN DISTRIBUTION CORPORATION, ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE** was served, as indicated, upon:

Brian Morrissey, Esq.
Central European
Distribution Corporation
3000 Atrium Way, Suite 265
Mt. Laurel, NJ 08054
**Via US MAIL**

Mark S. Chehi, Esq.
Sarah E. Pierce, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
**Via facsimile: (302) 651-3001**

Jay Goffman, Esq.
Mark A. McDermott, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036-6522
**Via facsimile: (212) 735-2000**

Glenn S. Walter, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Suite 3400
Los Angeles, CA 90071-3144
**Via facsimile: (213) 687-5600**

Robert Stark, Esq.
John Storz, Esq.
Brown Rudnick LLP
Seven Times Square
New York, NY 10036
**Via facsimile: (212) 209-4801**

Thomas Lauria, Esq.
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787
**Via facsimile: (212) 354 8113**
**Via facsimile: (441) 294-1543**

Tracey Dean, Esq.
John Woodger, Esq.
Deutsch Bank AG
Filiale London
Global Transcational Banking
10 Bishop Square
London E1 6EG
United Kingdom
**Via facsimile: +44 (0) 20 7545 4638**

Gregory Petrick, Esq.
Cadwalader Wickersham & Taft LLP
Dashwood House
69 Old Broad Street
London E14 5AL
United Kingom
**Via facsimile +44 (0) 20 7170 8600**

Sara Assasi, Esq.
The Bank of New York Mellon
40th Floor
One Canada Square
London E14 5AL
United Kingdom
**Via facsimile: 0044 (0)207 964 2536**

Office of the U.S. Trustee
844 King Street
Suite 2207
Lockbox 35
Wilmington, DE 19801
**Via facsimile (302) 573-6497**

*/s/Jalisa Agard*
Jalisa Agard