IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
In re:                                    :    Chapter 11
                                          :
CENTRAL EUROPEAN DISTRIBUTION    :    Case No. 13-10738 (CSS)
CORPORATION, et al.,                      :
                                          :    Jointly Administered
                          Debtors.[1]     :
                                          :    **Related Docket Nos. 60, ____**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ORDER AUTHORIZING THE DEBTORS, PURSUANT TO 11 U.S.C. §§ 105(a) AND
363(b), TO (I) RETAIN ALVAREZ & MARSAL NORTH AMERICA, LLC AND
ALVAREZ & MARSAL CIS LLP TO PROVIDE THE DEBTORS A CHIEF
RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL PERSONNEL AND (II)
DESIGNATE MAXIM FRANGULOV AS CHIEF RESTRUCTURING OFFICER FOR
THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Application of the Debtors Pursuant to 11 U.S.C. §§ 105(a) and 363(b)

For Entry of an Order to (i) Retain Alvarez & Marsal North America, LLC and Alvarez &

Marsal CIS LLP to Provide the Debtors a Chief Restructuring Officer and Certain Additional

Personnel and (ii) Designate Maxim Frangulov as Chief Restructuring Offices for the Debtors

*Nunc Pro Tunc* to the Petition Date (the "Application");[2] and upon consideration of the First Day

Declaration and the Frangulov Declaration; and due and sufficient notice of the Application

having been given under the particular circumstances; and it appearing that no other or further

notice is necessary; and it appearing that the relief requested is in the best interests of the

---

[1]    The Debtors and the last four digits of their taxpayer identification numbers are as follows:  Central European Distribution Corporation (5271), CEDC Finance Corporation International, Inc. (0116), and CEDC Finance Corporation LLC (7136).  The address for each of the Debtors is 3000 Atrium Way, Suite 265, Mt. Laurel, NJ 08054.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Debtors, their estates, creditors and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

## ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Application is granted to the extent set forth herein.

2.    The terms of the Engagement Letter, including without limitation, the compensation provisions and the indemnification provisions, as modified by the Application and this Order, are reasonable terms and conditions of employment and are hereby approved.

3.    Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are hereby authorized to retain A&M to provide the Debtors with a Chief Restructuring Officer and certain Additional Personnel and to designate Maxim Frangulov as the Debtors' Chief Restructuring Officer, *nunc pro tunc* to the Petition Date on the terms set forth in the Engagement Letter.

4.    The Debtors are authorized to engage A&M on the terms described in the Application, subject to the following terms, which apply notwithstanding anything in the Application or any exhibits related thereto to the contrary:

(a)    A&M and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

(b)    In the event the Debtors seek to have A&M personnel assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

(c)    A&M shall file with the Court with copies to the United States Trustee ("U.S. Trustee") and all official committees, a report of

2

staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

(d)     No principal, employee or independent contractor of A&M and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

(e)     A&M shall file with the Court, and provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a monthly basis (the "Fee Report"). Such Fee Reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the Fee Report and (ii) contain detailed time entries describing the tasks performed on a daily basis and the corresponding charges (time multiplied by hourly rate). Time entries shall be organized by one of the following project categories: Bankruptcy Support, Business Plan, Monthly Operating Report, and POR / Disclosure Statement. The notice shall provide a time period for objections and that all compensation shall be subject to review by the Court in the event an objection is filed.

(f)     Notwithstanding the requirements of paragraph (e) above, the Debtors are authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by A&M for fees and expenses incurred in connection with A&M's retention.

(h)     For a period of three years after the conclusion of the engagement, neither A&M nor any of its affiliates shall make any investments in the Debtors or the reorganized Debtors.

(i)     A&M shall disclose any and all facts that may have a bearing on whether A&M, its affiliates, and/or any individuals working on the engagement have any interest adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

3

(j)     During the course of these bankruptcy cases, all provisions in the Engagement Letter, the Motion or elsewhere that attempt to limit A&M's liability to the Debtors to the amount of its fees (or a multiple thereof) shall be of no force or effect.

(k)     Notwithstanding anything to the contrary contained in the Motion, the Engagement Letter or any exhibits thereto, during the course of these bankruptcy cases, the A&M personnel who serve as officers to the Debtors under the terms of this Order shall have whatever duties and responsibilities that are imposed by applicable law on officers of the Debtor or the Debtors' creditors, interest holders and other parties-in-interest in these cases.

(l)     The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' directors and officers liability policy.  There shall be no other indemnification of A&M or its affiliates by the Debtors with respect to A&M's retention during these Chapter 11 Cases.

(m)     A&M is not seeking any success fees, transaction fees or other back end fees.

5.     To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

6.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, the Engagement Letter and/or the services provided by the Engagement Personnel.


Dated: Wilmington, Delaware
        5/9, 2013

_____
Honorable Christopher S. Sontchi
UNITED STATES BANKRUPTCY JUDGE

4

973385-NYCSR03A - MSW